```
                                                                            FILED
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA                     JUN - 4 2010
                          Alexandria Division
                                                                    CLERK, U.S. DISTRICT COURT
                                                                       ALEXANDRIA, VIRGINIA
```

WILLIAM R. TEEL, JR.,            )
                                 )
            Plaintiff,           )
                                 )
v.                               )   Civil Action No. 1:10cv0303 (LMB/JFA)
                                 )
CARLOS C. ROGERS,                )
                                 )
            Defendant.           )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 8). Plaintiff William R. Teel, Jr. ("Teel") seeks a default judgment against defendant Carlos C. Rogers ("Rogers"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On March 30, 2010, Teel filed his verified complaint alleging that Rogers has failed to repay $100,000 of a $125,000 loan that Teel made to Rogers. (Docket no. 1). Teel's complaint is verified by a declaration signed by Teel. (Docket no. 1 at 9). In his complaint, plaintiff seeks the entry of a judgment in his favor for breach of contract and unjust enrichment and requests compensatory damages in the amount of $100,000 together with post-judgment interest at the legal rate and costs. *Id.* On March 30, 2010, a summons was issued and given to counsel for Teel for service on Rogers. (Docket no. 2). The summons was returned executed on April 14, 2010. (Docket no. 4). The return of service indicates that Rogers was served personally with

process on April 2, 2010. *Id.* In accordance with Fed. R. Civ. P. 12(a), a responsive pleading was due on April 23, 2010.

No responsive pleading was filed by Rogers in this matter within the 21 days permitted by Fed. R. Civ. P. 12(a). On April 29, 2010, the District Judge entered an Order directing Teel to seek the entry of default from the Clerk pursuant to Fed. R. Civ. P. 55(a). (Docket no. 5). The April 29, 2010 Order also directed Teel to file a motion for default judgment promptly upon obtaining entry of default and to notice that motion for a hearing at 10:00 a.m. on May 28, 2010 before the undersigned. *Id.* On April 29, 2010, Teel filed his request for entry of default with its supporting declaration. (Docket no. 6). On April 30, 2010, the Clerk entered default against Rogers pursuant to Fed. R. Civ. P. 55(a). (Docket no. 7). On May 10, 2010, Teel filed a motion for default judgment as to Rogers and noticed it for a hearing on May 28, 2010. (Docket nos. 8, 9). On May 28, 2010, this matter was called in open court. (Docket no. 10). Counsel for Teel appeared at the hearing and no one appeared on behalf of Rogers. *Id.*

## Factual Background

The following facts are established by the verified complaint. (Docket no. 1). Plaintiff William R. Teel, Jr. is an individual resident of Maryland. (Compl. ¶ 2). Defendant Carlos C. Rogers is an individual resident of Leesburg, Virginia. (Compl. ¶ 3). Rogers is a professional football player who has played cornerback for the Washington Redskins. (Compl. ¶ 4). In or about June 2005, Rogers purchased real property located in Leesburg, Virginia (the "Leesburg Property") and has owned it and paid annually assessed real property taxes on it since that time. (Compl. ¶ 10). In or about July 2009, Rogers was faced with the imminent foreclosure of the Leesburg Property by his mortgage lender. (Compl. ¶ 14). In an effort to stave off foreclosure, Rogers requested that Teel lend Rogers a sum of money so that Rogers could pay off his overdue

2

mortgage indebtedness. *Id.* Teel agreed to loan Rogers the necessary funds to avert a foreclosure on the Leesburg Property if Rogers would promise to pay it back in installments within one year. (Compl. ¶ 15). As a result of their discussions, Teel and Rogers formed a legally binding contract (the "Loan Contract"), by which Teel loaned Rogers $125,000 for and in consideration of Rogers' promise to repay this sum in monthly installments of $10,000-$15,000 beginning after Rogers had received his first several game checks from the Washington Redskins for the 2009 NFL season. (Compl. ¶ 16). The 2009 NFL season commenced for the Washington Redskins on September 13, 2009. (Compl. ¶ 17). Teel performed his obligations under the Loan Contract by initiating two funds transfers from his account at Wachovia Bank, N.A. to Rogers' account at Bank of America, N.A. (Compl. ¶ 18). The first wire transfer was made on July 29, 2009 for $100,000 and the second on September 2, 2009 for $25,000 (the "Loan"). *Id.* Rogers partially performed his obligations under the Loan Contract by making two installment payments to Teel, one on November 20, 2009 for $10,000 and another on December 14, 2009 for $15,000. (Compl. ¶ 19). Teel has received no further payments from Rogers on the Loan since December 14, 2009. (Compl. ¶ 20). A principal amount of $100,000 of the Loan remains unpaid. (Compl. ¶ 21). Despite multiple requests by Teel that Rogers fulfill his monthly repayment obligations under the Loan Contract, Rogers has failed to do so. (Compl. ¶ 22). On or about February 19, 2010, Teel sent Rogers a letter demanding that Rogers repay the entire unpaid balance of the Loan on or before March 5, 2010 or face a collection action. (Compl. ¶ 23). Teel received no response to his demand letter (Compl. ¶ 24) and initiated this action on March 30, 2010.

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to

3

plead or otherwise defend." Based on the defendant's failure to file a responsive pleading in a timely manner, the Clerk has entered default. (Docket no. 7).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." *Id.*); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim." *Id.*). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Teel states that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000. (Compl. ¶¶ 5-7). As stated above, Teel is a resident of Maryland and Rogers is a resident of Virginia. (Compl. ¶¶ 2, 3). In addition, the complaint seeks $100,000 in compensatory damages. (Compl. ¶¶ A, B). Since there is complete diversity of citizenship and the amount in controversy exceeds $75,000, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

The court also has personal jurisdiction over Rogers. As noted in the complaint, Rogers is an individual resident of the Commonwealth of Virginia. (Compl. ¶ 3). Venue is also proper in this court because Rogers resides within the Eastern District of Virginia. (Compl. ¶ 3).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over Rogers and that venue is proper in this court.

## Service

On March 30, 2010, a summons was issued and given to counsel for Teel for service on Rogers. (Docket no. 2). The summons was returned executed on April 14, 2010 and it indicates that Rogers was served personally with process on April 2, 2010. (Docket no. 4).

Accordingly, the undersigned magistrate judge recommends a finding that Rogers was served properly with the summons and complaint.

## Grounds for Entry of Default

Pursuant to Fed. R. Civ. P. 12(a), a responsive pleading was due on April 23, 2010. No responsive pleading was filed by Rogers in a timely manner. On April 29, 2010, Teel filed his request for entry of default with its supporting declaration. (Docket no. 6). On April 30, 2010, the Clerk entered default against Rogers pursuant to Fed. R. Civ. P. 55(a). (Docket no. 7). The currently pending motion for default judgment as to Rogers was filed on May 10, 2010 and was served on Rogers by first-class mail, postage prepaid, that same day. (Docket no. 8). The declaration of Alexander C. Vincent in support of the request for entry of default indicates that a diligent search was conducted as required by the Servicemembers Civil Relief Act, 50 U.S.C. § 501 *et seq.*, and that Rogers is not on active duty with any branch of the armed forces. (Docket no. 6, Ex. 1 ¶ 8).

Based on the above, the undersigned magistrate judge recommends a finding that Rogers was served properly, that he failed to file a responsive pleading in a timely manner and that the Clerk properly entered a default as to him.

## Liability and Measure of Damages

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because Rogers failed to file a responsive pleading and is in default, he admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, Rogers has breached the Loan Contract and he has been unjustly enriched. The motion for default judgment seeks compensatory damages under Count I and restitution under Count II for the unpaid principal of $100,000.

## Count I

"[A] cause of action for breach of contract consists of two elements, the contract which imposes the obligation and the breach or failure to perform that obligation in accordance with its terms . . . ." *Big Seam Coal Corp. v. Atlantic Coast Line R.R. Co.*, 85 S.E.2d 239, 241 (Va. 1955). As set forth in Count I of the complaint, the parties formed a legally binding contract by which Teel loaned Rogers $125,000 for and in consideration of Rogers promise to repay this sum in monthly installments of $10,000 to $15,000 beginning after Rogers had received his first several game checks for the 2009 NFL season. (Compl. ¶ 26). Teel fully performed all of his obligations under the Loan Contract by making the Loan and, specifically, by making funds transfers in the agreed-upon total amount of $125,000 to a bank account designated and owned by Rogers. (Compl. ¶ 27). All conditions precedent to Rogers' contractual duty to make installment payments on the Loan have been fulfilled. (Compl. ¶ 28). Rogers performed his obligations under the Loan Contract initially but he has breached the Loan Contract by failing to make any payments on the Loan since December 14, 2009. (Compl. ¶ 29). Furthermore, by ceasing, without explanation, to make any installment payments after December 14, 2009, Rogers anticipatorily breached his obligations to make those payments on the Loan that would

6

have been due in the months of March through October 2010. (Compl. ¶ 30). There exist no lawful set-offs, claims in recoupment, or counterclaims against this debt. (Compl. ¶ 32). As a direct and natural result of Rogers' breach, Teel has suffered damages in the amount of $100,000, which is the remaining unpaid principal balance on the Loan. (Compl. ¶ 31).

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of William R. Teel, Jr. and against Carlos C. Rogers on Count I of the complaint for breach of the Loan Contract in the amount of $100,000.

### Count II

The equitable doctrine of unjust enrichment rests upon the idea that a man shall not be allowed to enrich himself unjustly at the expense of another. *Kern v. Freed Co.*, 224 Va. 678, 680-81 (1983). A pleading for unjust enrichment must state that the defendant received benefits he should not justly retain, enriching the defendant at the plaintiff's expense or loss. *See In re Wilson*, 90 B.R. 208, 211-12 (E.D. Va. 1988). There are three general elements which must be shown: (1) a benefit conferred on the defendant by the plaintiff; (2) knowledge on the part of the defendant of the conferring of the benefit; and (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value. *Nossen v. Hoy*, 750 F. Supp. 740, 744-45 (E.D. Va. 1990).

As set forth in Count II, Teel conferred a benefit on Rogers by loaning him a total of $125,000 between July 29, 2009 and September 2, 2009 inclusive. (Compl. ¶ 34). Rogers had actual knowledge that Teel conferred this valuable benefit on him at the time it was received since Rogers specifically requested that Teel loan him this sum to help Rogers avert a then-imminent foreclosure on Rogers' Leesburg Property. (Compl. ¶ 35). Rogers knowingly accepted and retained the $125,000 transferred to him by Teel under circumstances giving him

7

reasonable notice that Teel expected Rogers to repay this sum. (Compl. ¶ 36). These circumstances included, among others: (a) Rogers' status as a highly paid professional football player, which has given him ample means to repay this sum and made it inherently unreasonable for him to expect a gift of this amount from Teel; and (b) Rogers' awareness from his discussions with Teel, prior to the Loan being made, that Teel intended the transaction to be a loan, not a gift. *Id.* The foregoing circumstances implied a promise by Rogers to repay Teel the proceeds of the Loan, in full, within 12 months of the first installment payment being made. (Compl. ¶ 37). Under the foregoing circumstances, it would be inequitable for Rogers to retain the benefit of the Loan, provided at Rogers' specific request and for his benefit, without repaying Teel its full amount. (Compl. ¶ 38). There exist no lawful set-offs, claims in recoupment, or counterclaims against this debt. (Compl. ¶ 39). By reason of Rogers' acceptance, use, and enjoyment of the loaned funds without repaying them in full, Rogers should be required to make restitution to Teel in the amount of $100,000. (Compl. ¶ 40).

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of William R. Teel, Jr. and against Carlos C. Rogers on Count II of the complaint for unjust enrichment in the amount of $100,000.

**The amount sought by Teel in Count II is the same as the amount sought in Count I and Teel is entitled to only one recovery for the amount sought. For that reason, the undersigned magistrate judge recommends a total judgment be entered against Rogers in favor of Teel in the amount of $100,000 with interest at the legal rate from the date of judgment until paid.**

## Notice

By means of the court's electronic filing system, and by mailing a copy of this proposed findings of fact and recommendations to Rogers, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

The Clerk is hereby requested to mail a copy of this proposed findings of fact and recommendations to the defendant Carlos C. Rogers at 43603 Carradoc Farm Terrace, Leesburg, VA 20176-8212.

ENTERED this 4th day of June, 2010.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

9